Filing # 127398917 E-Filed 05/24/2021 02:27:50 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CARMEN JIMENEZ,

Case No.:

    Plaintiff,

vs.

WAL-MART STORES, INC.,
d/b/a WAL-MART
A foreign corporation, and
JANE DOE, as Store Manager,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, CARMEN JIMENEZ, by and through her undersigned counsel sues the Defendant, WAL-MART STORES, INC. a foreign corporation d/b/a WAL-MART (hereinafter referred to as WAL-MART) and JANE DOE, as store manager, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand ($30,000.00) dollars.

2. At all times material hereto, the Plaintiff, CARMEN JIMENEZ, was an individual residing in Palm Beach County, Florida and is *sui juris*.

3. At all times material hereto, the Defendant, WAL-MART, was a foreign corporation authorized to do and doing business in Palm Beach County, Florida.

4. At all times material hereto, the Defendant, JANE DOE, upon information and belief, was an individual residing in Palm Beach County, Florida.

5. Venue is proper in Palm Beach County as the subject incident took place therein.

6. On or about April 29, 2020, Defendant owned maintained and/or controlled a Wal-Mart store identified as store number 1541 located at 9990 Belvedere Road in the City of West Palm Beach, Palm Beach County, Florida.

7. At all times material hereto, the Defendant, JANE DOE, managed the aforedescribed WAL-MART store.

8. On the above date and time, the Plaintiff, CARMEN JIMENEZ, was a business invitee on the Defendants' property and lawfully on the premises.

9. At the aforedescribed time and place, the Plaintiff, while exercising due care and caution for her own safety, was shopping at the aforedescribed WAL-MART store when she was caused to slip and fall to the floor due to the careless and negligent manner in which the floors were maintained in aisle of the aforesaid store. Specifically, based on and information and belief, Plaintiff slipped and fell due to a hazardous unmarked liquid substance.

## COUNT I:
## NEGLIGENCE CLAIM AGAINST WAL-MART STORES

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

10. At all times material hereto, the Defendant, WAL-MART, by and through its agents and/or employees, owed the Plaintiff a duty of reasonable care to maintain the shopping aisle in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, and/or present an unreasonable risk of harm to her in her lawful use of the same.

11. The Defendant, WAL-MART, owed the Plaintiff a duty to warn her of the aforedescribed dangerous and unsafe condition which led to Plaintiff's slip and fall incident.

12. The Defendant, WAL-MART, by and through its employees and/or agents, breached its duty of care to the Plaintiff, by committing one or more of the following negligent acts of commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully:

   a. The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from liquid substances, transitory foreign objects and/or other debris;

   b. Had Defendant exercised reasonable care in the maintenance of the store's floors, it would have discovered the dangerous condition on its floor;

   c. The Defendant failed to utilize reasonable care in the design, planning, inspection, and maintenance of said premises, particularly the floors in or near the produce section of the aforesaid store;

   d. The Defendant failed to warn the Plaintiff of the dangerous condition it knew or should have known existed in the store; and

   e. The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

13. The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

14. As a direct and proximate result of the Defendant's negligence, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, CARMEN JIMENEZ, are

permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, CARMEN JIMENEZ, demands judgment against the Defendant, WAL-MART STORES, for damages, costs and any other relief this Court deems appropriate. *The Plaintiff further demands a trial by jury as to all issues so triable by right.*

## COUNT II:
## NEGLIGENCE CLAIM AGAINST JANE DOE

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 9, as if they were fully set forth herein and further alleges:

15. At all times material hereto, Defendant, JANE DOE, the manager of the WAL-MART store identified in Paragraph 7, was in control of and responsible for the area in or around the shopping aisle.

16. The Defendant JANE DOE, as manager of the store identified in paragraph 7, owed to the Plaintiff a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free form all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

17. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

18. The aforesaid manager's duty to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from liquid substances, transitory foreign objects and/or other debris that might foreseeably give rise to loss, injury, or damage.

19. Further, being in control of the aforedescribed area in or around the shopping aisle of the aforesaid store, Defendant, JANE DOE, owed a duty to the Plaintiff, and other business invitees

on the premises, to exercise reasonable care to maintain the aforesaid premises in such manner as to avoid injury or damages to business invitees, such as Plaintiff, CARMEN JIMENEZ, as a result of a transitory foreign objects and/or other debris on the floor of said store.

20. Defendant store manager, JANE DOE, negligently failed to exercise reasonable care relating to the aforesaid shopping aisle while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

21. Among the duties of Defendant, JANE DOE, as being the person in control of the area in or around the self-checkout lanes identified in Paragraph 15, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous substances, including liquids and debris, on the floor of said premises and to clean up or remove such dangerous substances prior to business invitees being injured thereby; and b) to so arrange signs and products for sale such as not to distract the attention of persons, such as Plaintiff, CARMEN JIMENEZ, while shopping in and at said premises.

22. Notwithstanding that there were located in said store overhead cameras to maintain constant or periodic view of the aisles of said store, including the area in or around the shopping aisle of said store, some or all of said cameras were without necessary film or were not in working order, so that dangerous conditions could and would be timely viewed if the cameras were viewed as they were intended, which was one of the responsibilities of Defendant, JANE DOE, during the period that she was in control of said store, and which duty she failed to perform.

23. Had such duty as aforestated in Paragraph 22 been performed, the dangerous condition which caused Plaintiff, CARMEN JIMENEZ, to fall and injure herself would have been observed in time to have been corrected.

24. Further, although Defendant, WAL-MART, furnished to Defendant, JANE DOE, a training video directing the manner and time for performing ordinary general maintenance of the premises, that video did not address periodic inspections to discover and correct dangerous conditions in said store, such as the condition which caused Plaintiff, CARMEN JIMENEZ, to fall and injure herself; that aspect of maintenance and care having been the responsibility of the individual in control of said premises, to wit: Defendant, JANE DOE, at the time of the subject accident. Defendant, JANE DOE, being then in control of said premises, failed to perform such duty in that he failed to inspect and discover, the dangerous condition which caused Plaintiff, CARMEN JIMENEZ, to fall and injure herself.

25. But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, the Plaintiff would not have fallen and injured herself, as aforesaid.

26. As a direct and proximate result of Defendant JANE DOE's negligence, the Plaintiff, CARMEN JIMENEZ, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, mental anguish, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, CARMEN JIMENEZ, demands judgment against the Defendant, JANE DOE, for damages, costs and any other relief this Court may deem appropriate. *The Plaintiff further demands trial by jury as to all issues so triable by right.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant along with the Summons and Complaint filed in this cause.

> **LAW OFFICES OF ANIDJAR & LEVINE, P.A.**
> *Counsel for Plaintiff*
> 300 SE 17th Street
> Fort Lauderdale, FL 33316
> Phone (954) 525-0050/Fax (954) 525-0020
> Service E-mail: pleadings@anl-law.com
>
> By: _____
> DEVON WORKMAN, ESQ.
> FBN 1004245